No. 12412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

HAROLD and EVELYN MAGNUSON,

Plaintiffs and Respondents,

-vs-

MONTANA STATE BOARD OF EQUALIZATION,

Defendant and Appellant.

---

Appeal from: District Court of the First Judicial District,
Honorable Peter Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Edward Jene Bell, argued, Helena, Montana.

For Respondents:

Harrison, Loendorf and Poston, Helena, Montana.
James T. Harrison, Jr. argued, Helena, Montana.

---

Submitted: May 29, 1973

Decided: JUL 16 1973

Filed: JUL 16 1973

Thomas J. Kearney
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiffs, Harold and Evelyn Magnuson, filed an application for revision with defendant State Board of Equalization seeking refund of $269.50 for income taxes paid for the tax years 1965, 1966, 1967, and 1968. The application was denied by the Board and plaintiffs brought this action in the district court of the first judicial district, Lewis and Clark County, for review of the Board's decision. The Honorable Peter Meloy, sitting without a jury, rendered judgment for plaintiffs, holding that traveling expenses claimed were deductible. Defendant Board moved the court to amend its findings of fact and conclusions of law, but was denied. The Board appeals from the judgment and order denying the motion to amend.

The facts are not in dispute. Plaintiff taxpayers are long time residents of Harlem, Montana. Plaintiff owns and operates a salvage yard business in Harlem and also conducts an accounting business there. His Harlem residence was his place of business in Harlem. He is also employed by the Burlington Northern Railroad in Havre, Montana, where he works the midnight to 8:00 a.m. shift, five days a week. During the period 1965-1968, for which travel expenses are claimed, he drove his personal car from his residence in Harlem to his railroad job in Havre and returned to Harlem each working day. Magnuson's financial return from his employment with Burlington Northern was greater than that from the total of his two independent businesses operated in Harlem. The travel expenses claimed but not allowed by the Board, were car mileage expenses for approximately 96 miles per day, five days a week, between the two communities. These were claimed as a business deduction on plaintiffs' Montana tax returns for the years 1965 through 1968.

The determination of a taxpayer's Montana income tax liability is primarily based upon the Federal Internal Revenue Code. Section

84-4905, R.C.M. 1947, provides that Montana adjusted gross income is the taxpayer's federal adjusted gross income as defined in Section 62 of the Internal Revenue Code of 1954. In determining deductions allowable from adjusted gross income to reach net income, section 84-4906, R.C.M. 1947, provides that those deductions are allowed which are permitted by Sections 161 and 211 of the Internal Revenue Code of 1954. Sections 161 and 211 allow specific deductions subject to the exceptions provided for in Section 261, et.seq. In addition, section 84-4909(1), R. C.M. 1947, specifically disallows a deduction for personal, living or family expenses.

Montana has adopted the Federal Internal Revenue Code as the guide to be used to determine matters such as income and expense for computation of Montana income tax. Section 162 of the Internal Revenue Code of 1954, is the basis for the allowance of traveling expenses. It provides:

"(a) In general. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -

" * * *

"(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and

"* * *."

Federal Regulation number 1.162.2 interprets the above section and amplifies the code provision by indicating that traveling expenses which are reasonable and necessary may be deducted. It provides:

"If the trip is solely on business, the reasonable and necessary traveling expenses, including travel fares, meals and lodging and expenses incident to travel are business expenses."

In determining whether or not the travel expenses here were deductible, the Board relied on a United States Supreme Court case, Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S. Ct. 250, 90 L.Ed. 203, 207, and several tax court cases: Adelberg

v. Commissioner, CCH Dec. 30, 622(M), Dkt. 1475-68, January 20, 1971, T.C. Memo. 1971-15; Deming v. Commissioner, CCH Dec. 31, 482(M), Dkt. 2806-69 SC, August 1, 1972, T.C. Memo. 1972-163; Gurney v. Commissioner, CCH Dec. 31, 135(M), Dkt. 2572-70 SC, December 28, 1971, T.C. Memo 1971-329.

The Flowers case interpreted Section 23(a)(1)(A), Internal Revenue Code of 1939, which is now Section 162(a)(2), Internal Revenue Code of 1954. In Flowers the taxpayer, an attorney, resided in Jackson, Mississippi, where he had practiced law for many years associated some of the time with other law firms and then forming his own law firm. In 1906, he began to represent the Gulf, Mobile & Ohio Railroad in Mobile, Alabama, acting as trial counsel for the railroad in Mississippi. Later, from 1918 to 1927, he was special counsel. In 1930, he was made general counsel for the railroad and served as such until 1940 at which time the railroad company merged with another railroad and he became vice-president and general counsel of the new company. The main office of the company was in Mobile, Alabama. As a result of an arrangement made so that he could continue to live in Jackson, Mississippi, it was agreed he would pay his traveling and living expenses between the two cities. Flowers determined the amount of time he would spend traveling between the two cities covering the taxable years in question. The railroad company provided office space in Mobile, but when in Jackson he used his old law firm which provided space for working; he did not participate in the firm's business or profits.

The United States Supreme Court denied Flowers the deduction claimed for travel expenses between the two cities for the tax year 1940, holding:

> "Three conditions must thus be satisfied before a traveling expense deduction may be made under Section 23 (a)(1)(A):
>
> "(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade."

Here, the Board contends that I.R.S. Regulations 1.162-2(a) and 1.162-17(a) and the Supreme Court's interpretation of Section 162(a)(2), Internal Revenue Code of 1954, in Flowers clearly indicate that plaintiff taxpayers' transportation expenses are not deductible and the trial court in its ruling overlooked the third condition of Flowers as to the deductibility of traveling expenses, that is: "to be deductible the transportation expenses must be connected to the business of his employer, the railroad."

Plaintiffs and defendant Board recognize that Flowers is the key case concerning travel expenses and all the tax court cases cited here discuss it, however, Flowers is factually distinguishable. In Flowers there was one employer, one salary; in the instant case plaintiff Magnuson had several. He received a salary from the railroad, an income from his scrap business, and an income from his accounting business. It was stipulated and agreed by the parties that the latter two businesses were bona fide. In Flowers, the United States Supreme Court in its third condition stressed what expenses could be considered as deductible in a one employment situation. Here, the question concerns deductibility for expenses between two or more jobs, not from home to job.

In their brief, plaintiffs note that the Board's summary of facts would indicate Magnuson had two income producing bona fide jobs. In Flowers there was but one employment--the railroad. Here, there was one job and two separate business ventures. The trips between Harlem and Havre were not personal preference, but were of necessity in the pursuit of business.

- 5 -

In Swartz v. Berg, 147 Mont. 178, 182, 411 P.2d 736, this Court said:

> "In interpreting tax statutes it should always be kept in mind that they are to be strictly construed against the taxing authorities, and in favor of the taxpayer, see 51 Am.Jur. Taxation, § 650. See also, State ex rel. Tillman v. District Court, 101 Mont. 176, 53 P.2d 107, 103 A.L.R. 376 * * *."

See also: Perham v. Putnam, 82 Mont. 349, 267 P. 305.

In its conclusions of law the trial court noted that in Flowers the travel between Mobile and Jackson "was occasioned solely by his (the employee's) personal propensities." Such is not the fact here for Magnuson was required to be in Havre by his employer, the railroad. The trial court also noted "The State's position is that since Mr. Magnuson lives in Harlem he cannot deduct his travel expense to Havre, but the state has admitted that if Mr. Magnuson lived in Havre where his railroad job was located, he could deduct the travel to his businesses in Harlem. This is a strange position." With that conclusion of the trial court, we most certainly concur.

It was stipulated between the parties that the jobs or businesses in the two different communities were bona fide trades or businesses and not hobbies. Under such facts and conditions, we find the travel expense to be deductible. In so holding we in no way hold that travel expenses from a taxpayer's home to his business or job site are deductible. We find support for this position in several Tax Court and Board of Tax Appeal cases. Joseph W. Sherman, Jr. et ux v. Commissioner, 16 T.C. 332, 337; Joseph W. Powell v. Commissioner, 34 B.T.A. 655; Walter F. Brown v. Commissioner, 13 B.T.A. 832; Adelberg v. Commissioner, CCH Dec. 30, 622(M), Dkt. 1475-68, January 20, 1971, T.C. Memo. 1971-15.

In Sherman the taxpayer had lived in Worcester, Massachusetts, all his life. He owned real property there, paid his taxes there, voted there, and his children attended school there.

He was employed by the Haskins Manufacturing Company which manufactured plastic products in Worcester. At Haskins he had no proprietary interest in the company, but worked as production manager and purchasing agent. This position did not require full time and attention so he formed a business to sell plastic products in New York City, in which he was sole proprietor. He maintained an address in New York City and spent four days a week there, including travel between the two cities. Petitioner Sherman claimed a deduction under Section 23(a)(1)(A), Internal Revenue Code, for expenditures made in connection with his business trips to New York. This was contested by the Internal Revenue Service and the Tax Court in its opinion noted that it was not a Flowers case situation:

> "This is not the case of a taxpayer who keeps his place of residence at a point where he is not engaged in carrying on a trade or business and claims deductions for living expenses and cost of traveling to and from his residence. * * * This Court has heretofore recognized that a taxpayer may have more than one occupation or business, and has held where it is shown that the taxpayer has two occupations which require him to spend a substantial amount of time in each of two cities, he is entitled to the deduction of traveling and other ordinary and necessary business expenses incurred in connection with attendance upon the one removed from his residence. Walter F. Brown, 13 B.T.A. 832; Joseph F. Powell, 34 B.T.A. 655, affd. 94 Fed.(2d) 483(CA-1)."

The Court further noted in Sherman that petitioner's Worcester employment was a significant source of income; it was of a permanent character; and his roots were in Worcester where he spent the greater part of his time during the tax year. He had no office or place of business in New York, other than a mailing address. On his trips to New York he would stay at a hotel, at most only a few days at a time. While it is true that his rewards for the New York venture in 1945 exceeded his Worcester earnings for that year, that fact alone cannot shift his "home" from Worcester to New York. Everything said by the court in Sherman is applicable in the instant case. That court found the "traveling expenses" between the two cities deductible.

Both the Board and Magnuson cite a recent Tax Court case, Adelberg v. Commissioner, CCH Dec. 30, 662(M), Dkt. 1475-68, January 20, 1971, T.C. Memo, 1971-15. Here, the Board argues that the trial court in its conclusions of law raised a collateral issue with respect to businesses at two different locations where the problem is "major" and "minor" employment. The trial court's conclusions seem to indicate that if a taxpayer has bona fide jobs or businesses/in two or more localities, that all his travel expenses are deductible. The Board contends that such conclusion is much too broad, is not applicable to the instant case, and the court's conclusion in this regard was directed towards those situations where a taxpayer leaves one business or employment situation and incurs travel expenses directly necessary to arrive at another business or employment situation.

In Adelberg, the taxpayer drove from his home to a job with Space Technology Laboratories in El Segundo, California. After work there, he drove to UCLA in Los Angeles to teach and then drove home to Sherman Oakes, California. He was allowed to deduct travel expenses from El Segundo to UCLA, but was not allowed travel expenses from his home to El Segundo or from UCLA to his home.

While Adelberg is more complex than the instant case, we find the trial court properly applied the holding there to this case for the travel expense attributed to travel between two employments was allowed. The court in Adelberg noted:

> "* * * where the taxpayer has two places of employment the cost of traveling from one of them to the other is a deductible business expense."

The judgment of the district court is affirmed.

John Conway Harrison
Associate Justice

- 8 -

We Concur:

_____

_____

_____
  Associate Justices,

Mr. Chief Justice James T. Harrison did not participate
in the foregoing Opinion.