DA 11-0672

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 145

DUSTIN ROBISON,

        Petitioner and Appellant,

   v.

MONTANA DEPARTMENT OF REVENUE,

        Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis & Clark, Cause No. DDV 11-330<br>Honorable James P. Reynolds, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Thomas J. Stusek, Stusek Law Firm, P.C., Bozeman, Montana

        For Appellee:

            Michelle R. Johnson, Amanda L. Myers, Teresa G. Whitney, Special
            Assistant Attorneys General, Helena, Montana

                       Submitted on Briefs: May 23, 2012
                             Decided: July 6, 2012

Filed:

                            _____
                                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Petitioner Dustin Robison (Robison) appeals from an order of the First Judicial District Court, Lewis and Clark County, which reversed the findings of the State Tax Appeals Board (STAB) and reinstated the findings of the Montana Department of Revenue (DOR). We affirm.

## BACKGROUND

¶2 This case concerns whether Robison is allowed to claim a deduction on his Montana income taxes for certain mileage as a business travel expense. The facts that follow are undisputed.

¶3 Robison resides in Billings, Montana. He was employed by Unit Drilling Company (Unit) as a rig hand on oil rigs in the Big Piney/Pinedale area of western Wyoming. When Robison began working in the Big Piney/Pinedale area in 2005, he did not know how long his employment there would last – for example, 1 week, or 5 years, or longer. Robison also did not know that his employment there would be for a specific limited duration; for example, he did not know at the outset that his employment there would terminate in 8 months. Robison said "Oil rigs are designed to move. That's the principle that allows us to do what we do. We rig up on a location. Once our hole is drilled, we have to move to the next one. No telling where that will be." Robison also stated that Billings is a good place to live because it is central to several oil fields. As STAB found, it is "uncontroverted" that Robison "never knew how long he would be

2

employed at any one site." In reality, Robison was employed in the same Big Piney/Pinedale area for over 3 years, from March of 2005 to early October of 2008.

¶4 While so employed, Robison worked a 7-day-on, 7-day-off schedule. As his mileage logs reflect, he would drive his personal vehicle[1] from his residence in Billings to a camp (provided and maintained by Unit for its workers) in the Big Piney/Pinedale area. Then, during the 7 days he worked, he would drive from the camp to an oil rig (or rigs) and back, until finally, at the end of the 7-day-on schedule, Robison would drive from the rig location back to his residence in Billings.

¶5 Robison claimed this mileage as a business travel expense during tax years 2005-2008, and deducted it accordingly. In total, Robison claimed $78,812 in business travel expenses for the 2005-2008 tax years. Robison was audited by the DOR in 2009 after "reporting significant amounts of unreimbursed employee business expenses claimed for extended periods." The audit determined that Robison's employment was indefinite, making his "tax home" the Big Piney/Pinedale area of Wyoming; thus, the claimed business expenses were actually personal commuting expenses and therefore disallowed. DOR determined additional tax liability for the 2005-2008 tax years of approximately $7,000, including penalties and interest. It appears that interest continues to accrue on the balance the DOR claims is due.

¶6 Robison requested informal review by the DOR. The Field Unit Audit Manager determined the initial audit was correct. Robison then appealed to the DOR's Office of

---

[1] Unit did not provide company vehicles for rig hands, nor did it reimburse them for travel expenses.

Dispute Resolution (ODR). After a full evidentiary hearing, the ODR hearing examiner issued a lengthy and well-reasoned order affirming the audit determination. The hearing examiner found Robison's employment in Wyoming was indefinite, not temporary. Because Robison's employment was indefinite, his "tax home" for purposes of the business travel expense deduction was the Big Piney/Pinedale area of Wyoming, not Billings, Montana, his place of residence. Therefore, none of the $78,812 claimed was allowed as a business travel expense.

¶7 Robison then appealed to STAB. The STAB appeal was confined to the ODR's order, transcript, and exhibits. After review, STAB reversed the decision of the ODR and found Robison's employment was temporary, that his "tax home" was in Billings, and that all his business travel expenses were allowable deductions. To reach this conclusion, STAB found that Robison's "tax home" was Billings (based upon its reading of *Coombs v. Commissioner*, 608 F.2d 1269, 1275 (9th Cir. 1979)), and that Robison "was not located in Wyoming for over a year, but actually made numerous seven-day temporary business trips to Wyoming." STAB also separately determined that "[b]ecause the law is unclear, and can be subject to multiple interpretations," even if the deductions were not allowed, the "case is not an appropriate one for the imposition of penalties and interest."

¶8 The DOR then filed a petition for judicial review in the First Judicial District Court, Lewis and Clark County. After briefing by the parties, the District Court reversed STAB's determination and reinstated the decision of the ODR hearing examiner. It found that STAB "misapprehended the effect of [the] evidence and misapplied pertinent

case law" in determining that Robison's employment was temporary and that his "tax home" was in Billings, Montana. The District Court also found STAB erred as a matter of law when it suggested, in a footnote, that if Robison's "tax home" was in Wyoming, Montana could not impose state income tax on him, and when it found that DOR should not impose penalties and interest upon Robison.

¶9 Robison then obtained appellate counsel and filed the present, timely appeal. Robison appeals only the "deductibility of certain business-related travel, lodging, and meal expenses[.]" He does not appeal the District Court's determination that STAB erred in suggesting Montana could not impose income tax on him, nor does he appeal imposition of penalties and interest.

**STANDARD OF REVIEW**

¶10 A district court reviews a STAB decision to determine whether STAB's findings of fact are clearly erroneous and whether STAB correctly interpreted the law. *Puget Sound Energy, Inc. v. State*, 2011 MT 141, ¶ 14, 361 Mont. 39, 255 P.3d 171. A factual finding is clearly erroneous if it is not supported by substantial evidence, if the trier of fact misapprehended the effect of the evidence, or if a review of the record leaves the reviewing court with the definite and firm conviction that a mistake has been made. *Micone v. Department of Public Health and Human Services*, 2011 MT 178, ¶ 10, 361 Mont. 258, 258 P.3d 403. We apply the same standards when reviewing a district court's order affirming or reversing STAB's decision. *Puget Sound*, ¶ 14; *O'Neill v. Department of Revenue*, 2002 MT 130, ¶ 10, 310 Mont. 148, 49 P.3d 43.

5

**DISCUSSION**

¶11 Before we discuss the issues in this case, we begin by laying out the legal framework we must consider in a case such as Robison's.

¶12 Tax deductions are a matter of legislative grace and it is the taxpayer's burden to clearly demonstrate the right to the claimed deduction. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *Baitis v. Department of Revenue*, 2004 MT 17, ¶ 28, 319 Mont. 292, 83 P.3d 1278; *GBN, Inc. v. Department of Revenue*, 249 Mont. 261, 266, 815 P.2d 595, 597 (1991).

¶13 Under Montana law, in computing net income,[2] deductions are generally those permitted by 26 U.S.C. §§ 161 and 211. Section 15-30-2131(1)(a), MCA. A deduction is generally allowed for all ordinary and necessary business expenses. 26 U.S.C. § 162.[3] Montana has specifically adopted this provision of the Internal Revenue Code. *Magnuson v. Montana State Board of Equalization*, 162 Mont. 393, 395, 513 P.2d 1, 3 (1973). Included in ordinary and necessary business expenses are "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business[.]" 26 U.S.C. § 162(a)(1). Such travelling expenses are deductible if the taxpayer can prove the expenses are: 1) reasonable and necessary; 2) incurred while away

---

[2] Net income means "the adjusted gross income of a taxpayer less the deductions allowed by this chapter [Chapter 30]." Section 15-30-2101(19), MCA. The amount of tax due is determined based upon a taxpayer's net income. Section 15-30-2102, MCA.
[3] Deductions under 26 U.S.C. § 162 are allowed by 26 U.S.C. § 161.

from home; and 3) incurred in the pursuit of a trade or business. *Commissioner v. Flowers*, 326 U.S. 465, 470 (1946).

¶14    In contrast, it is well settled that unless specifically provided by law, expenses incurred in commuting to and from work are not deductible, but rather are personal expenses. 26 U.S.C. § 262(a); *Flowers*, 326 U.S. at 469-70; *Coombs*, 608 F.2d at 1275-76; *Sanders v. Commissioner*, 439 F.2d 296, 297 (9th Cir. 1971). "If, for personal reasons, one chooses to live far from the place of employment, the resulting travel costs are nondeductible, personal expenses." *Kasun v. United States*, 671 F.2d 1059, 1061 (7th Cir. 1982). For travel expenses to be deductible, it is " 'the job, not the taxpayer's pattern of living, [that] must require the travel.' " *Kasun*, 671 F.2d at 1061 (quoting *Commissioner v. Peurifoy*, 254 F.2d 483, 486 (4th Cir. 1957), *aff'd*, 358 U.S. 59 (1958) (per curiam)).

¶15    Robison's case concerns the second prong of the test annunciated in *Flowers* – was Robison "away from home" while working in Wyoming? To answer this question, we must consider two distinct, yet inevitably intertwined concepts – temporary or indefinite employment and a taxpayer's "tax home." The nature of Robison's employment will determine the location of his "tax home."[4] As discussed in detail below, if Robison's employment in Wyoming was temporary, his tax home would be his residence in Billings and his business travel expenses are deductible. However, if Robison's employment in Wyoming was indefinite, his "tax home" is his principal place

---

[4] We decline Robison's invitation to preliminarily determine his "tax home" without reference to the nature of his employment.

of business (the Big Piney/Pinedale area of Wyoming) and his business travel expenses are disallowed.

### The Nature of Robison's Employment

¶16    One exception to the general rule that commuting expenses are non-deductible is when the taxpayer travels to a temporary, as opposed to indefinite, job. *Peurifoy v. Commissioner*, 358 U.S. 59, 60 (1958); *Kasun*, 671 F.2d at 1061; *Sanders*, 439 F.2d at 298. "[I]t is not reasonable to expect people to move to a distant location when a job is foreseeably of limited duration. If, on the other hand, the prospect is that the work will continue for an indefinite or substantially long period of time, the travel expenses are not deductible." *Kasun*, 671 F.2d at 1061.

¶17    Employment is temporary when, at the time the job commences, termination is foreseeable within a short period. *Kasun*, 671 F.2d at 1060-61. In 1992, Congress modified 26 U.S.C. § 162 to define the "short period" language, adding that "[f]or purposes of [the travel expense deduction], the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." 26 U.S.C. § 162; Pub. L. No. 102-486, § 1938, 106 Stat. 2776, 3033 (1992). Thus, for purposes of 26 U.S.C. § 162, employment is generally temporary when it lasts for less than one year. *Kasun*, 671 F.2d at 1062; *Boone v. United States*, 482 F.2d 417, 420 (5th Cir. 1973). A taxpayer is generally allowed to deduct travel expenses related to temporary employment. *See Peurifoy*, 358 U.S. at 60.

¶18    Employment is indefinite when the length of the employment is indeterminate. *Boone*, 482 F.2d at 419.  "[E]mployment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time."  *Kasun*, 671 F.2d at 1061.  A taxpayer is not allowed to deduct business travel expenses related to indefinite employment.  *See Peurifoy*, 358 U.S. at 60.

¶19    Of particular interest in Robison's case is the treatment of quite similar employment – work in the construction industry.  In *Kasun*, a construction worker argued his employment was temporary because he was not told how long his job would last. *Kasun*, 671 F.2d at 1060.  The Seventh Circuit rejected this argument, instead finding:

> [W]ork in the construction industry is, by its very nature, impermanent. Workers move from job to job and often must seek employment at some distance from their homes. Courts have not, however, found that these characteristics distinguish construction work from other forms of employment.

*Kasun*, 671 F.2d at 1062 (internal citations omitted).  The *Kasun* court refused to create an exception to 26 U.S.C. § 262 for construction workers.  *Kasun*, 671 F.2d at 1062 n. 5. Rather, it found that construction workers, just like "suburban or exurban commuters," must pay their own commuting expenses.  *Kasun*, 671 F.2d at 1062-63.

¶20    Similarly, in *Commissioner v. Peurifoy*, construction workers argued their employment was temporary because "they were not guaranteed a job for any specific period nor were they told by the employer how long the work was expected to last." *Peurifoy*, 254 F.2d at 485.  The Fourth Circuit found that this demonstrated indefinite or impermanent employment, not temporary employment:

9

Work in the heavy construction industry, by its very nature, has a degree of impermanence. Employment is usually for each job only and lasts no longer than the need at that project for the particular skill of the individual employee. Upon many of the larger projects, however, such need, and the actual employment of an individual, may last for several, even many, years. Other projects may be of comparatively short duration. It is also a characteristic of the industry, as shown in the stipulations in this case, that upon larger construction projects outside the larger metropolitan centers, the local supply of the necessary skills must be greatly augmented by workers coming from other places. Work in the industry, therefore, is, to some extent, transient as well as impermanent.

Construction workers are not the only ones, however, who find it necessary or profitable to move or seek employment from place to place, and the Tax Court, in its opinion in these cases, recognizes that the transient and impermanent aspect of work in heavy construction does not itself distinguish construction work from other employment or hold the answer to our problem. Indeed these characteristics of the industry tend to strip from a remote residence elements essential to its status as the sole 'tax home.'

*Peurifoy*, 254 F.2d at 486. Accordingly, "[h]owever justified [a taxpayer] may be from a subjective or personal point of view in maintaining a residence away from his post of duty, his travel and maintenance expense at his post of duty is not an ordinary and necessary business expense within the meaning of 23(a)(1)(A) [now 26 U.S.C. § 162] if the employment is of substantial or indefinite duration." *Peurifoy*, 254 F.2d at 486-87.

### The "Tax Home" Concept

¶21 The location of a taxpayer's "tax home" determines whether his business travel expenses were incurred "away from home" under 26 U.S.C. § 162. For the purposes of 26 U.S.C. § 162, the term "tax home" does not mean "home" in the ordinary or common sense of the word. *Henderson v. Commissioner*, 143 F.3d 497, 499 (9th Cir. 1998). A taxpayer's "tax home" is not necessarily the place he or she lives (i.e. house, residence, abode, etc.). When a regularly employed taxpayer maintains his personal residence

10

within the general area of his employment, his "tax home" will be his personal residence. *Coombs*, 608 F.2d at 1275. However, when a taxpayer accepts employment either permanently *or for an indefinite period of time* away from his personal residence, his "tax home" will shift to the new location – the vicinity of his new principal place of business. *Coombs*, 608 F.2d at 1275-76 (emphasis added). In this later situation, "the decision to retain a former residence is a personal choice, and the expenses of traveling to and from that residence are non-deductible personal expenses." *Coombs*, 608 F.2d at 1276.

**Analysis**

¶22    With this framework in mind, we now turn to Robison's case. Robison appears to argue that his employment in Wyoming was at all times temporary. However, he also alternately argues that for a time his employment was temporary, but then became indefinite. Therefore, he argues the first year of his business travel expenses should be allowed. The DOR argues the District Court correctly concluded that at all times Robison's employment was indefinite, making none of his business travel expenses deductable.

¶23    In reversing STAB, the District Court determined that Robison's employment was "indefinite . . . not temporary." We agree. Just like the construction workers in *Kasun* and *Peurifoy*, Robison did not know his employment would terminate in a short period of time. Rather, he was never told how long his work in Wyoming would last. This undoubtedly makes his employment indefinite. *Kasun*, 671 F.2d at 1062; *Peurifoy*, 254 F.2d at 486-87. It is true that Robison's employment lacked permanence, but that alone

11

does not make his employment temporary. *Kasun*, 671 F.2d at 1061. Employment is only temporary if "termination is foreseeable within a short period of time." *Kasun*, 671 F.2d at 1061. Further bolstering the conclusion that Robison's employment was indefinite is the language of 26 U.S.C. § 162 - "the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." Robison was employed in the same Big Piney/Pinedale area of Wyoming for over 3 years, well beyond the 1 year limitation in the statute.

¶24    The language of 26 U.S.C. § 162 also precludes *any* of Robison's business travel expenses from being deductable. The statute clearly states that "the taxpayer shall not be treated as being temporarily away from home during *any* period of employment if such period exceeds 1 year." 26 U.S.C. § 162 (emphasis added). Thus, Robison is not considered as being temporarily away from home during any of his 3-plus years of employment in Wyoming because his employment period exceeded 1 year. Contrary to Robison's argument, this is not a case where Robison was told his employment was to be terminated within a short period of time only to have his employment extended. *See generally* Rev. Rul. 93-86, 1993-2 C.B. 71. It is undisputed that, from the beginning, Robison "never knew" the length of his employment. His employment was indefinite.

¶25    The District Court also found that STAB incorrectly interpreted *Coombs* to hold that a taxpayer's "tax home" is his residence. We again agree. *Coombs* does not stand for the proposition that a taxpayer's "tax home" is his residence, only that in certain circumstances it *can* be. As applicable to Robison's case, however, *Coombs* clearly

12

states that when a taxpayer accepts employment either permanently *or for an indefinite period of time* away from his personal residence, his "tax home" will shift to the new location – the vicinity of his new principal place of business. *Coombs*, 608 F.2d at 1275-76 (emphasis added). This is precisely what Robison did – he took indefinite employment away from his personal residence. His "tax home" for the purposes of the business travel expense deduction consequently shifted to the Big Piney/Pinedale area of Wyoming. As a result, "the decision to retain a former residence is a personal choice, and the expenses of traveling to and from that residence are non-deductible personal expenses." *Coombs*, 608 F.2d at 1276. Additionally, because his "tax home" for the purposes of 26 U.S.C. § 162 was the Big Piney/Pinedale area, the expenses of traveling from camp to each drill site cannot be differentiated from any other worker's normal commuting expenses. These commuting expenses are not deductable. 26 U.S.C. § 262(a); *Flowers*, 326 U.S. at 469-70; *Coombs*, 608 F.2d at 1275-76; *Sanders*, 439 F.2d at 297.

¶26 Finally, Robison raises several arguments that were not raised below, such as lodging and meal expenses. We do not address issues raised for the first time on appeal. *Hoff v. Lake County Abstract & Title Co.*, 2011 MT 118, ¶ 35, 360 Mont. 461, 255 P.3d 137 (citing *Peterman v. Herbalife International, Inc.*, 2010 MT 142, ¶ 20, 356 Mont. 542, 234 P.3d 898).

13

## CONCLUSION

¶27    For the reasons stated above, we affirm the District Court.


/S/ MICHAEL E WHEAT



We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS