FILED

May 21 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0601

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 136

RANDY R. MYRUP, PAULA
EHRMANTRAUT-KIOSSE,

   Petitioners and Appellants,

  v.

STATE OF MONTANA, DEPARTMENT
OF REVENUE,

   Respondent and Appellee.

FILED

MAY 21 2013

APPEAL FROM:  District Court of the Thirteenth Judicial District,
       In and For the County of Yellowstone, Cause No. DV 12-0621
       Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

   For Appellants:

      Randy R. Myrup (Self-Represented), Paula Ehrmantraut-Kiosse,
      (Self-Represented), Laurel, Montana

   For Appellee:

      Amanda L. Myers, Special Assistant Attorney General, Montana
      Department of Revenue, Helena, Montana

         Submitted on Briefs: April 10, 2013

            Decided: May 21, 2013

Filed:

          _____
            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Paula Ehrmantraut-Kiosse (Paula) and Randy Myrup (Randy) appeal from an order of Montana's Thirteenth Judicial District Court, Yellowstone County, affirming the State Tax Appeal Board's denial of tax deductions Paula and Randy (collectively "Taxpayers") claimed for educational expenses. We affirm.

## ISSUE

¶2 Taxpayers raise the following issue on appeal:

¶3 Did the District Court err in denying Taxpayers' petition for judicial review and affirming the disallowance of Taxpayers' educational expense deduction?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Paula sought tax deductions for educational expenses incurred in pursuit of a doctoral degree in psychology. The Montana Department of Revenue (DOR) disallowed the deductions sought by Paula individually in 2007, and jointly with Randy in 2008 and 2009. DOR disallowed the deductions because the expenses did not meet the requirements of 26 C.F.R. § 1.162-5. Taxpayers appealed the DOR's decision to the Office of Dispute Resolution (ODR). ODR affirmed the disallowance on September 21, 2011. Taxpayers appealed the ODR's decision to the State Tax Appeal Board (STAB). After holding a hearing on March 7, 2012, STAB issued its findings of fact, conclusions of law, and opportunity for judicial review order upholding the disallowance on March 23, 2012.

2

¶5 Taxpayers sought judicial review of STAB's decision in Montana's Thirteenth Judicial District Court, Yellowstone County. The District Court denied Taxpayers' petition for judicial review in an order dated September 11, 2012. Taxpayers appeal.

## STANDARD OF REVIEW

¶6 A district court reviews a STAB decision to determine whether STAB's findings of fact are clearly erroneous and whether STAB correctly interpreted the law. *Robison v. Mont. Dep't of Revenue*, 2012 MT 145, ¶ 10, 365 Mont. 336, 281 P.3d 218; *Puget Sound Energy, Inc. v. State*, 2011 MT 141, ¶ 14, 361 Mont. 39, 255 P.3d 171. This Court applies the same standards of review when reviewing a district court's order affirming or reversing a STAB decision. *Robison*, ¶ 10; *Puget Sound Energy*, ¶ 14.

## DISCUSSION

¶7 *Did the District Court err in denying Taxpayers' petition for judicial review and affirming the disallowance of Taxpayers' educational expense deduction?*

¶8 Educational expenses are deductible as ordinary and necessary expenses if the education pursued: (1) maintains or improves skills the taxpayer requires in her employment or other trade or business; or (2) meets the requirements imposed by the taxpayer's employer or other applicable laws or regulations as a condition to the taxpayer's employment, status, or compensation. 26 C.F.R. § 1.162-5(a). Educational expenses are not deductible if: (1) the expenses incurred meet the minimum educational requirements for qualification in the taxpayer's trade or business; or (2) the expenses qualify the taxpayer for a new trade or business. 26 C.F.R. § 1.162-5(b).

¶9 Paula worked as a licensed counselor while pursuing her education. The educational expenses Taxpayers sought to deduct relate to Paula's enrollment in the licensure track of a doctoral program in psychology through Walden University. The evidence in the record supports three independent grounds for disallowing deduction of Taxpayers' claimed educational expenses: (1) the education met the minimum educational requirements for qualification as a licensed psychologist; (2) the education would lead to qualifying Paula for a new trade or business; and (3) Paula did not undertake the education primarily to maintain or improve skills required in her current employment. Taxpayers argue that Paula's completed course of education at Walden University will not qualify her as a licensed psychologist in Montana because she fails to meet all of Montana's licensing requirements. Taxpayers maintain that Paula undertook the education to improve her skills in her current occupation. Taxpayers' arguments are unpersuasive.

¶10 Educational expenses will be deemed nondeductible as qualification for a new trade or business if the education is a step towards obtaining a certification that once obtained, would qualify the taxpayer to perform tasks significantly different from those the taxpayer performed before receiving the education. *See Glenn v. Comm'r*, 62 T.C. 270, 276-77 (1974). This holds true even when the education is to obtain different licensing in the same field. *See e.g. Glenn*, 62 T.C. at 276-77. "An educational expense is deductible only if the primary purpose is to improve one's skills at his present job." *Lee v. Comm'r*, 723 F.2d 1424, 1427 (9th Cir. 1984).

4

¶11 The findings of STAB and the District Court that Paula pursued her education in an effort to become a clinical psychologist, rather than simply to improve her skills as a counselor, are supported by substantial evidence in the record. Taxpayers failed to demonstrate that the educational expenses were deductible under either 26 C.F.R. § 1.162-5(a)(1) or (2).

## CONCLUSION

¶12 For the foregoing reasons, we affirm the District Court's decision.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

5