FILED

06/14/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0681

DA 15-0681

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 150N

VALERIE ANN RIDGEWAY,

      Plaintiff and Appellant,

   v.

MONTANA STATE DEPARTMENT OF
PUBLIC HEALTH AND HUMAN SERVICES,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
                In and For the County of Judith Basin, Cause No. DV 2013-12
                Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

           John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

        For Appellee:

           Kirsten Madsen, John C. Melcher, Assistant Attorneys General, Agency
           Legal Services Bureau, Helena, Montana

                    Submitted on Briefs:  May 4, 2016

                            Decided:  June 14, 2016

Filed:

_____
                     Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Valerie Ridgeway appeals the order of the Tenth Judicial District Court, Judith Basin County, affirming the decision of the Department of Public Health and Human Services (the Department) to terminate Ridgeway's employment. We affirm.

¶3 Ridgeway, who has a severe allergy to latex and latex-related products, was hired in July 2010 as a registered nurse at the Department's Montana Mental Health Nursing Care Center (Nursing Care Center) in Lewistown, Montana. Although the Nursing Care Center took measures to prevent Ridgeway's exposure to latex, Ridgeway had two allergic reactions during the course of her employment—one on September 30, 2010, and another on December 30, 2011. During both reactions, Ridgeway was temporarily incapacitated and unable to perform her duties as a registered nurse.

¶4 After her second reaction, the Nursing Care Center conducted a review to determine whether Ridgeway posed a threat to herself and to Nursing Care Center patients due to her allergic reactions. Based upon this review, the Nursing Care Center determined that Ridgeway posed "a direct threat" and therefore placed her on paid administrative leave in March 2012. In May 2012, after receiving a report from a

2

physician regarding the nature of Ridgeway's allergy, the Nursing Care Center notified Ridgeway that it was considering terminating her employment. Ridgeway responded to the Nursing Care Center's concerns, but on July 9, 2012, the Nursing Care Center terminated Ridgeway because she was "a direct threat to the health and safety of [herself] and/or [Nursing Care Center's] residents and therefore [was] not qualified for [her] position as a Registered Nurse."

¶5 Ridgeway filed a grievance pursuant to the Department's grievance policy on July 19, 2012. On September 25, 2012, Ridgeway had a contested case hearing on her grievance before a hearing officer. Ridgeway represented herself during the hearing. At the beginning of the hearing, the Hearing Officer discussed the parties' respective proposed exhibits and noted that the exhibits "may not be the same, but they kind of all point to the same kind of factual situation." The Department indicated that it did not object to any of Ridgeway's exhibits. The Hearing Officer asked Ridgeway whether she had "any objection to the admission of any of the documents" that the Department was offering. After reviewing the Department's exhibits, Ridgeway confirmed that six of the exhibits were the same as hers. Ridgeway then indicated that she had questions regarding Exhibit O, which was a copy of handwritten notes by the Department's former director of human resources regarding a conversation she had with Ridgeway. The Hearing Officer reserved ruling on Exhibit O's admissibility until the Department provided foundation testimony regarding the exhibit and moved for its admission during the hearing.

3

Ridgeway did not object to the admission of any other exhibit, and the exhibits were admitted.

¶6 Following the hearing, the Hearing Officer entered a decision recommending that Ridgeway's grievance be denied. The Hearing Officer noted that although Exhibit O was admitted at the hearing over Ridgeway's objection, "he accord[ed] no weight to the exhibit and ha[d] not relied upon it in reaching his decision in this matter." The Department entered its final agency decision confirming Ridgeway's termination in September 2013. Ridgeway, who was then represented by counsel, filed a petition for judicial review with the District Court and moved for summary judgment. After briefing by the parties, the District Court entered an order affirming the Department's decision and denying Ridgeway's motion for summary judgment. Ridgeway appeals.

¶7 Ridgeway claimed in the District Court that the Hearing Officer's findings of fact were not supported by substantial evidence. On appeal, Ridgeway contends for the first time that the Hearing Officer erred in failing to apply the Rules of Evidence. Ridgeway claims that the Hearing Officer erred by relying on exhibits that were hearsay and by admitting those exhibits without supporting testimony, which denied Ridgeway the opportunity to cross-examine the author.

¶8 Generally, this Court "do[es] not address issues raised for the first time on appeal." *Robison v. Mont. Dep't of Revenue*, 2012 MT 145, ¶ 26, 365 Mont. 336, 281 P.3d 218 (citing *Hoff v. Lake Cnty. Abstract & Title Co.*, 2011 MT 118, ¶ 35, 360 Mont. 461, 255 P.3d 137). Furthermore, Ridgeway's arguments regarding the exhibits'

admissibility is misplaced because, "[h]aving stipulated to the admission of documents without foundation, [Ridgeway] may not later raise a hearsay objection" to the exhibits. *Crockett v. Billings*, 234 Mont. 87, 97, 761 P.2d 813, 819 (1988) (citing *Swenson v. Buffalo Bldg. Co.*, 194 Mont. 141, 150, 635 P.2d 978, 984 (1981)). Accordingly, Ridgeway did not preserve her claims for appeal and we decline to address them.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not err in affirming the Department's decision to terminate Ridgeway's employment. The District Court's judgment is affirmed.


/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE


Justice Jim Rice, concurring.

¶10 I believe that Ridgeway had legitimate concerns about the investigation conducted into her employment and her ultimate discharge from employment. However, she represented herself in the contested case hearing before the hearing officer, when the

legal issues were framed and the evidence was admitted. The foundation of the case was then laid and, unfortunately, opportunities were missed and issues were waived, even though the hearing officer conducted a good and thorough hearing. Thus, I must agree with the Court in concluding that, given this record, there is no reversible error.


/S/ JIM RICE

Justice Shea joins in the concurring Opinion of Justice Rice.


/S/ JAMES JEREMIAH SHEA