DA 12-0110

FILED

December 26 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 308N

CREED MILES EVANS,

      Plaintiff, Appellee, and Cross-Appellant,

  v.

STEVEN D. DOW, d/b/a KEIN-AM;
and MUNSON RADIO, INC.,

      Defendants, Appellants, and Cross-Appellee,

and ROAN COMMUNICATIONS, INC.;
and STARadio, INC., KEIN-AM, INC.,

      Defendants.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. ADV 05-122
                     Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Steven T. Potts; Steven T. Potts, PLLC; Great Falls, Montana

        For Appellee:

            Creed Miles Evans, self-represented; Great Falls, Montana

                          Submitted on Briefs:  December 4, 2012

                                    Decided:  December 26, 2012

Filed:

_____
                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Steven D. Dow and Munson Radio, Inc. (Dow) appeal from the orders culminating in the judgment entered against them by the District Court, awarding Creed Miles Evans (Evans) compensatory damages in the amount of $112,397.23, attorney fees in the amount of $19,600, and costs.

¶3 Dow owns and broadcasts from a radio station known as KEIN-AM from a location on real property owned by Evans in Great Falls. Evans' predecessors in interest leased the KEIN-AM radio tower, transmitter, studio site, access thereto, parking, and other improvements, to Roan Communications, which subsequently assigned the lease to Dow. In this way Evans and Dow have become parties to the lease.

¶4 In 2004, high winds damaged the studio. The lease obligated the tenant to make repairs, and Evans gave notice of this obligation. Dow did not immediately initiate repairs, and although a roofing company worked on the roof, substantial water damage was done to the building's interior. Additional damage was caused by a leaking air conditioner and tar used by the roofers that seeped into the interior. Evans testified and the District Court concluded that Dow's failure to timely complete repairs led to extensive water and tar damage, which in turn caused molding and mildewing of the building's walls.

¶5 The fence surrounding the radio tower collapsed. Evans sent a notice of Dow's obligation to repair the fence and later a notice of default demanding that Dow repair the fence in

2

accordance with the lease and governing federal regulations. Evans testified that the fence no longer served to secure the station and presented a danger. Evans made repairs to the fence a number of times, and provided some seven notices of default over a four year period about the fence. He later surrounded the fence with a chain-link fence.

¶6    The District Court found that Dow had precluded Evans from entering the building to inspect the premises, failed to carry comprehensive liability insurance coverage as required by the lease, and failed to make other necessary repairs. It found that Dow had "persistently put up roadblocks to discovery in this case," "has not cooperated in good faith and has continued to engage in discovery abuses," and "has failed to comply with the Court's orders." The District Court noted "Defendants' uncooperative, stonewalling attitude throughout the course of the proceedings." The District Court held in Evans' favor on the substantive liability issues of the case, but also concluded that Dow's litigation abuses justified granting Evans' motion for judgment by default as a sanction against Dow. The District Court then conducted a hearing on damages, and awarded damages as set forth above.

¶7    On appeal, Dow challenges the District Court's: entry of a judgment by default; findings of fact and conclusions of law regarding the substantive legal issues; determination that Steven D. Dow is personally liable to Evans; admission of Evans' expert testimony; and award of attorney fees to Evans in the amount of $19,600 pursuant to the lease agreement, which the District Court reduced from the $53,492.25 Evans' counsel had billed him. Evans cross appeals, arguing that Dow's appeal should be dismissed for lack of standing.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District

Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS