FILED

June 7 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0463

DA 15-0463

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 140N

CREED MILES EVANS,

        Plaintiff and Appellee,

   v.

STEVEN D. DOW, individually,
MUNSON RADIO, INC., and
STEVEN D. DOW d/b/a/ KEIN-AM,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDV-12-375
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        James F. Gardner, Big Sky Justice, P.C., Great Falls, Montana

        For Appellee:

        William J. Levine, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  April 20, 2016

Decided:  June 7, 2016

Filed:

               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Steven D. Dow, Munson Radio, and Steven D. Dow, d/b/a KEIN-AM, appeal from the Order of the Montana Eighth Judicial District Court, granting summary judgment to Creed Miles Evans ("Evans") and the final judgment determining that Dow and Munson shall pay damages to Evans in the amount of $261,000 for wrongful occupation and unlawful detainer of property. We affirm.

¶3     Evans is the owner of real property in Cascade County, Montana, part of which was leased to a business called Roan Communications and subsequently assigned to Munson Radio, Inc. Dow, as the owner of Munson Radio, Inc., occupied the leased premises which included a radio tower, transmitter and studio sites, and parking and improvements ("Property"). The Property was the subject of a prior civil dispute. The District Court determined on October 29, 2010, that Dow was liable for damages to Evans resulting from Dow's violations of lease obligations (the "McKittrick Ruling"). On December 26, 2012, this Court affirmed the McKittrick Ruling in *Evans v. Dow*, 2012 MT 308N, concluding that Dow's lease was terminated and that he must pay damages to Evans and vacate the Property.

2

¶4 Evans filed this second civil action on May 15, 2012, to seek damages for wrongful occupation under § 27-1-318, MCA, and unlawful detainer § 70-27-108, MCA, because Dow failed to vacate the Property in violation of the McKittrick Ruling. Evans then filed a motion for summary judgment requesting damages for the reasonable rental value of the Property during the holdover period which ended April 25, 2013, when Dow finally vacated the Property. On May 5, 2014, the District Court concluded that pursuant to the McKittrick Ruling, Evans and Dow were parties to the lease of the Property, the lease was terminated by the McKittrick Ruling, and Dow was ordered to vacate by November 29, 2010. The court found that Dow did not vacate until April 25, 2013, and as a result, Dow was in wrongful occupation and unlawful detainer and Evans was entitled to damages. The District Court awarded Evans $261,000 in damages based on $87,000 actual damages of unpaid rent which was trebled under the unlawful detainer statute, § 70-27-207, MCA.

¶5 Dow raises four issues on appeal. He argues that the District Court erred when it denied his Rule 15(b) Motion to Amend Pleadings; allowed Evans' rental value expert to testify; determined fair rental value of $3,000 per month; and determined that Dow was personally liable.

**Denial of Motion to Amend**

¶6 Dow argues the District Court abused its discretion when it denied his Motion to Amend the Pleadings to Conform to the Evidence at trial. The deadline to amend the pleadings passed over seven months prior to Dow's amendment request and accordingly, the court denied the request.

3

¶7     We review a district court's denial of a motion to amend a pleading for an abuse of discretion. *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690. A district court may deny a motion to amend "for an apparent reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc." *Farmers Coop.*, ¶ 12 (citation omitted). Dow's evidence at trial related to personal property claims that were present from the outset of the case which he failed to properly raise during the allotted time period. The District Court did not abuse its discretion when it denied the motion to amend.

**Expert Testimony**

¶8     The District Court admitted the expert testimony of William Reier, Sr. because it found that he has worked in the radio broadcasting industry for 50 years and is familiar with the market for leasing radio towers and broadcasting facilities. Dow argues that the District Court improperly admitted the expert opinion of Mr. Reier because he lacked a sufficient factual basis for his opinion.

¶9     We review a district court's evidentiary ruling for an abuse of discretion including rulings on the admissibility of expert testimony. *Beehler v. E. Radiological Assocs., P.C.*, 2012 MT 260, ¶ 17, 367 Mont. 21, 289 P.3d 131. M. R. Evid. 702 provides that if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." In this

4

case, the District Court did not abuse its discretion when it admitted the testimony of Mr. Reier, because he possessed substantial specialized knowledge and experience that assisted with a fact issue in the case.

**Fair Market Rental Value**

¶10     The District Court heard testimony on the fair market rental value of the Property and concluded that the rental value during the holdover period was $3,000 per month. Dow argues that this finding is erroneous and not based on substantial evidence.

¶11     Dow claims that no facts were presented at the District Court that reflect the court's $3,000 rental value determination. Specifically, Dow claims the value range for properties was from $0 to $1,500 with a high valuation of $3,600 per month for a similar property near Bozeman. Dow asserts that the District Court erred in considering the higher valuation because Great Falls real estate is unrelated to property in Bozeman. The District Court reviewed Mr. Reier's rental value testimony that the Property was worth $3,600 per month and also noted that Mr. Reier's disclosure estimated the value at $3,000 per month. The court made a final determination that $3,000 per month was the proper rental value.

¶12     We review a district court's finding of fact for clear error. "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the trier of fact misapprehended the effect of the evidence, or if a review of the record leaves the reviewing court with the definite and firm conviction that a mistake has been made." *Robison v. Mont. Dep't Revenue*, 2012 MT 145, ¶ 10, 365 Mont. 336, 281 P.3d 218 (citation omitted). This Court has held that the district court is "in the best position to

5

observe and judge witness credibility and we will not second guess its determination regarding the strength and weight of conflicting testimony." *Kulstad v. Maniaci*, 2009 MT 326, ¶ 90, 352 Mont. 513, 220 P.3d 595 (citation omitted). The District Court's determination of fair rental value is based on substantial evidence. The court did not misapprehend the evidence and we conclude the court did not err in the fair rental value determination.

**Personal Liability**

¶13 Finally, Dow argues that the District Court erred by concluding that he and Munson Radio are jointly and severally liable. This issue was settled in *Evans v. Dow*, 2012 MT 308N. "Collateral estoppel, or issue preclusion, bars the reopening of an issue that has been litigated and determined in a prior suit." *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267 (citation omitted). This issue will not be reopened and re-litigated because it was determined in the prior action. Steven D. Dow and Munson Radio are jointly and severally liable for the damages resulting from Dow's actions in this case.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA